Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
DANA SCOTT KRULEE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| DANA SCOTT KRULEE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC, a Washington limited liability company; and JEFFERSON CAPITAL SYSTEMS, LLC, a Georgia limited liability company,<br><br>Defendants. | Case No. ______________________<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

Plaintiff, DANA SCOTT KRULEE, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

/ / /

## I. INTRODUCTION

1. This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff, DANA SCOTT KRULEE, on behalf of himself and all persons similarly situated, seeks declaratory judgment and statutory damages against Defendants arising from their routine practice of sending collection notices, like the one sent to Plaintiff, which falsely state that Defendant, JEFFERSON CAPITAL SYSTEMS, LLC, is the *original creditor* to whom the debt is owed.

## II. JURISDICTION

2. Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and 15 U.S.C. §1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a

substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

**V. PARTIES**

6. Plaintiff, DANA SCOTT KRULEE, is a natural person residing in Santa Clara County, California. At all times material hereto, Plaintiff and each member of the class he seeks to represent, were and are each a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC (hereinafter "RPM"), is a Washington limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 20816 – 44th Avenue West, Lynnwood, Washington 98036. RPM may be served as follows: Receivables Performance Management, LLC, c/o CT Corporation System, 555 Capitol Mall, Suite 1000, Sacramento, California 95814. The principal business of RPM is the collection of defaulted consumer debts using the mails and telephone, and RPM regularly attempts to collect defaulted consumer debts alleged to be originally due another. RPM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). RPM routinely sends initial collection notices in the form of the notice sent to Plaintiff, which falsely state that Defendant, JEFFERSON CAPITAL SYSTEMS, LLC, is the *original creditor* to whom the debt is owed.

8. Defendant, JEFFERSON CAPITAL SYSTEMS, LLC (hereinafter "JEFFERSON"), is a Georgia limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 6 McLeland Road, Saint Cloud, Minnesota 65303. JEFFERSON may be served at the address of its Agent for Service of Process at: Jefferson Capital Systems, LLC, c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N,

Sacramento, California 95833. The principal business of JEFFERSON is the collection of defaulted consumer debts using the mails and telephone, and JEFFERSON regularly attempts to collect defaulted consumer debts alleged to be due another. JEFFERSON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed, believes and thereon alleges, that JEFFERSON is vicariously liable to Plaintiff and the class he seeks to represent, for the acts of RPM.[1]

9. At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

## VI. FACTUAL ALLEGATIONS

10. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by First North American National Bank, d/b/a eMerge Card (hereinafter "the debt"). The debt was incurred primarily for personal, family, or household purposes (*e.g.* purchase of clothing, groceries, gasoline, etc.) and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11. Plaintiff is informed and believes, and thereon alleges, that sometime after he defaulted on his consumer credit account with First North American National Bank, the defaulted debt

[1] See, *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1076 (N.D. Cal. 2011) ("if an entity is a debt collector and hence subject to the FDCPA, it should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf"); *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken"); *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

was sold, assigned, or otherwise transferred from First North American National Bank to JEFFERSON, either directly or through a series of intermediate assignees. Plaintiff is informed and believes, and thereon alleges, that First North American National Bank retained no interest in Plaintiff's defaulted account after the sale, assignment, and transfer of the debt to JEFFERSON.

12. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to him, the debt was consigned, placed, or otherwise assigned to RPM by JEFFERSON for the purposes of collection from Plaintiff.

13. Thereafter, RPM sent a collection notice to Plaintiff, on behalf of JEFFERSON, which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. A true and accurate copy of the collection notice from RPM to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15. The collection notice (Exhibit "1") is dated March 8, 2014.

16. The collection notice (Exhibit "1") was the first written communication from RPM to Plaintiff in connection with the collection of the debt originally owed to First North American National Bank.

17. The collection notice (Exhibit "1") falsely states that the "Original Creditor" was "Jefferson Capital."

## VII. DEFENDANTS' ROUTINE PRACTICES

18. It is the standard practice and policy of Defendants to send, or cause to be sent, initial collection notices in the form of Exhibit "1" which seek to collect defaulted debts incurred for personal, family, or household purpose.

19. It is the standard practice and policy of Defendants to send initial collection

notices in the form of Exhibit "1" which falsely state that the "Original Creditor" was "Jefferson Capital."

## VIII. CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of a class of all other persons similarly situated.

21. Plaintiff tentatively defines the class as (i) all persons with addresses in California (ii) to whom RPM sent, or caused to be sent, a notice in the form of Exhibit "1" on behalf of JEFFERSON (iii) in an attempt to collect an alleged debt originally owed to First North American National Bank (iv) which was incurred primarily for personal, family, or household purposes (as shown by Defendants' records or the records of the original creditor), (v) which were not returned as undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action through the date of class certification.

22. The class is so numerous that joinder of all members is impractical. On information and belief, collection notices in the form of Exhibit "1" have been sent to hundreds of California class members.

23. There are questions of law and fact common to the class, which questions predominate over any questions peculiar to individual class members. The common questions include:

a. Whether Defendants are debt collectors; and

b. Whether Defendants sent collection notices which falsely stated that the "Original Creditor" was "Jefferson Capital," in violation of 15 U.S.C. §§ 1692e, 1692e(10) and/or Cal. Civil Code § 1788.17.

24. There are no individual questions of law or fact, other than whether a class member was sent the offending collection notice, which can be determined by ministerial inspection of

Defendants' records.

25.   Plaintiff will fairly and adequately represent and protect the interest of the class members.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff has retained counsel experienced in handling class claims and litigation brought pursuant to the FDCPA and RFDCPA.  Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.  Plaintiff and his counsel will vigorously pursue this matter.

26.   Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

27.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Most of the class members who received collection notices in the form of Exhibit "1" have no knowledge that their rights are being violated by illegal collection practices.  The interest of the class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000.  Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

28.   Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a.   The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

    b.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

30. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## IX. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

31. On behalf of himself and the class he seeks to represent, Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

32. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

33. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

34. Defendant, RPM, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

35. Defendant, JEFFERSON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

36. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

37. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants sent Plaintiff an initial collection notice in the form of Exhibit "1", which falsely stated that the "Original Creditor" was "Jefferson Capital," in violation of 15 U.S.C. §§ 1692e and 1692e(10).

38. Defendants' acts as described above were done intentionally with the purpose of

coercing Plaintiff to pay the debt.

39. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

40. On behalf of himself and the class he seeks to represent, Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

41. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

42. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

43. Defendant, RPM, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

44. Defendant, JEFFERSON, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

45. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

46. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

a. Defendants sent Plaintiff an initial collection notice in the form of Exhibit "1", which falsely stated that the "Original Creditor" was "Jefferson Capital," in violation of Cal. Civil Code § 1788.17.[2]

47. Defendants' acts as described above were done willfully and knowingly with the

[2] 15 U.S.C. § 1692g(a)(2).

purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

48. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

49. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[3]

50. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[4]

51. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Certify this litigation to proceed as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3);

c) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692e(10);

d) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;[5]

---

[3] 15 U.S.C.§ 1692k(a)(2)(A).
[4] 15 U.S.C.§ 1692k(a)(3).
[5] 15 U.S.C. § 1692g(a)(2).

e) Award Plaintiff and the class members the maximum amount of statutory damages available pursuant to 15 U.S.C. § 1692k(a)(2) and Cal. Civil Code § 1788.17;

f) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.17; and

g) Award Plaintiff and the class such other and further relief as may be just and proper.

oo0oo

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
DANA SCOTT KRULEE

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DANA SCOTT KRULEE, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.