UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANA SCOTT KRULEE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC, a Washington limited liability company; and JEFFERSON CAPITAL SYSTEMS, LLC, a Georgia limited liability company,<br><br>Defendants. | Case No. 14-cv-02860-RMW<br><br>**ORDER GRANTING IN PART MOTIONS TO STRIKE**<br><br>[Re Docket Nos. 20, 21] |

Plaintiff moves to strike the affirmative defenses contained in answers filed by Receivables Performance Management, LLC ("RPM") and Jefferson Capital Systems, LLC ("Jefferson"). Dkt. No. 20 (MTS Jefferson Answer); Dkt. No. 21 (MTS RPM Answer). The court finds this case suitable for decision without oral argument. Civil Local Rule 7-1(b). For the reasons explained below, the court grants in part the motions to strike. RPM and Jefferson may file an amended answer by October 30, 2014.

**I. Analysis**

**A. The *Twombly/Iqbal* standard applies to affirmative defenses**

Although the Ninth Circuit and other circuit courts have yet to rule on the issue, this Court has joined the majority of other district courts in applying the heightened pleading standard set forth

in *Twombly* and *Iqbal*[1] to affirmative defenses. *See Spears v. First Am. eAppraiseIt*, 5-08-CV-00868-RMW, 2013 WL 1748284 at *6 (N.D. Cal. Apr. 23, 2013).

Applying the standards set forth in *Twombly* and *Iqbal* to affirmative defenses requires that "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Grp., P.C.*, 11-CV-03323-LHK, 2012 WL 1029425 at *8 (N.D. Cal. Mar. 26, 2012) (internal quotation marks omitted)). A defense may be insufficient "as a matter of pleading or a matter of law." *Scott v. Fed. Bond & Collection Serv., Inc.,* No. 10-2825, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Perez*, 2012 WL 1029425, at *8 (internal quotation marks omitted).

"If the Court determines that a pleading is deficient, it may strike the pleading and require the non-moving party to submit an amended pleading that includes more specific allegations." *Id.* When striking an affirmative defense, leave to amend should be freely given so long as no prejudice to the moving party results. *Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir.1979).

### B. Jefferson's Affirmative Defenses (Dkt. No. 14, Answer)

**First Affirmative defense: failure to state a cause of action**: Courts in this district agree that "failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010); *see also J & J Sports Prods., Inc. v. Mendoza–Govan*, No. 10-5123, 2011 WL 1544886, at *3 (N.D. Cal. Apr. 25, 2011).

Accordingly, the Court GRANTS Plaintiff's Motions to Strike the affirmative defense for failure to state a cause of action. The court grants plaintiff's motion with respect to this defense with prejudice because failure to state a cause of action is not an affirmative defense. However, defendants may still assert this claim as an ordinary defense to liability. *See Hernandez v. Dutch Goose, Inc.*, No. 13-3537, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013) ("Although struck

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

with prejudice as affirmative defenses, the court makes clear that Defendants are not precluded from arguing, in a motion or at trial, that [Plaintiff] has failed to state a claim.").

**Third Affirmative Defense: Compliance with Laws**: For the same reasons as the first affirmative defense, the third affirmative defense is simply a denial of liability. The court grants plaintiff's motion with respect to this defense with prejudice because it is not an affirmative defense.

**Eleventh Affirmative Defense: Reservation to Raise Other Defenses:** The defendant does not oppose striking the eleventh affirmative defense. Dkt. No. 23 at 8.

**Remaining Defenses (2nd, 4th, 5th, 6th, 7th, 8th, 9th, 10th):** The court agrees that these defenses are conclusory. A review of the affirmative defenses shows that they lack supporting facts or explanation as to how the defense applies to this case. However, the court is not prepared to say at this point that they are immaterial or inapplicable to plaintiff's claims. The motion to strike is granted without prejudice to allow defendants to allege sufficient facts.

### C.  RPM's Affirmative Defenses (Dkt. No. 16, Answer)

**Tenth Affirmative Defense: Good Faith**: RPM's tenth affirmative defense meets the *Twombly/Iqbal* standard, and plaintiff does not specifically argue otherwise in his reply brief. Accordingly, the motion to strike the tenth affirmative defense is denied.

**Eleventh Affirmative Defense (Failure to State a Claim) and Sixteenth Affirmative Defense (Standing):** As explained above, these defenses simply deny liability. Accordingly, the court grants the motion to strike affirmative defenses 11 and 16 with prejudice.

**Seventeenth Affirmative Defense: Reservation to Raise Other Defenses:** The defendant does not oppose striking the eleventh affirmative defense. Dkt. No. 22 at 9.

**Remaining Defenses (1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 12th, 13th, 14th, 15th):** The court agrees that these defenses are conclusory. A review of the affirmative defenses shows that they lack supporting facts or explanation as to how the defense applies to this case. However, the court is not prepared to say at this point that they are immaterial or inapplicable to plaintiff's claims. The motion to strike is granted without prejudice to allow defendants to allege sufficient facts.

RPM also requests fees and costs incurred in opposing the motion to strike under 28 U.S.C. § 1927. Sanctions under § 1927 must be supported by a finding of subjective bad faith, which "is

present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). The court finds no subjective bad faith on the part of plaintiff and finds plaintiff's request to see defendant's answer before stipulating to defendant's filing of it was not unreasonable. The court, however, believes that both sides have wasted money fighting over pleadings that have no significant impact on the resolution of the case.

## II. Order

For the reasons explained above, the court orders as follows:

With regard to the motion to strike Jefferson's affirmative defenses:

- Defenses 1, 3, and 11 are stricken with prejudice
- Defenses 2, 4, 5, 6, 7, 8, 9, and 10 are stricken without prejudice.

Jefferson may file an amended answer by October 30, 2014.

With regard to the motion to strike RPM's affirmative defenses:

- The motion is denied with respect to Defense 10
- Defenses 11, 16, and 17 are stricken with prejudice
- Defenses 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, and 15 are stricken without prejudice.

RPM may file an amended answer by October 30, 2014.

Dated: October 1, 2014

Ronald M. Whyte
United States District Judge