UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SCOTT KRULEE,<br><br>Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No.  5:14-cv-02860-RMW<br><br>**ORDER ON MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 50, 68 |

Defendants Receivables Performance Management, LLC ("RPM") and Jefferson Capital Systems, LLC ("Jefferson Capital") filed two motions to seal in connection with a motion to compel arbitration.  *See* Dkt. Nos. 50, 68 (Motions to seal); Dkt. No. 51 (Motion to compel arbitration).  The motions seek to seal in full two Agreements transferring consumer debt from one entity to another.  *See* Dkt. No. 50-4 (seeking to seal "Account Purchase Agreement" and "Assignments of Accounts" between CompuCredit and Jefferson Capital) and  Dkt. No. 68-1 (seeking to seal "Account Ownership Agreement" between First National Bank of Omaha and CompuCredit) (collectively, "Agreements").

Plaintiff opposed both motions to seal, arguing that defendants' requests were not narrowly tailored, that there were no compelling reasons to seal the Agreements, and because the Agreements were essential to the motion to compel arbitration.  Dkt. Nos. 53, 69.  Plaintiff also argues that he was prejudiced by defendants' sealing request because he was not able to review

5:14-cv-02860-RMW
ORDER ON MOTIONS TO SEAL

1

unredacted copies of the Agreements.  *Id.*  However, plaintiff was given the opportunity to enter into a protective order and review unredacted copies of the Agreements but did not do so.  Dkt. No. 54-1.

Turning to the merits of the sealing motions, the court finds that the defendants' sealing requests are not narrowly tailored.  Applying the standards set forth in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), defendants' declarations in support of sealing only justify sealing information related to "the pricing and structure for buying open (credit card) accounts."  Dkt. No. 68-1 ¶ 3.  Accordingly, the court DENIES WITHOUT PREJUDICE the motions to file under seal.  Defendants shall file narrowly tailored redactions directed only to "the pricing and structure for buying open (credit card) accounts" within 14 days of this order.

In addition, by 5 p.m. on Tuesday May 26, 2015, plaintiff and defendants shall enter into a protective order, allowing plaintiff (or plaintiff's counsel) access to the unredacted Agreements for purposes of this litigation only.[1]  Plaintiff shall have 7 days thereafter to submit a letter brief, not to exceed 3 pages, explaining any basis revealed by his review of the Agreements for challenging the power of Jefferson to enforce the arbitration agreement contained in the "Terms and Conditions" relating to the FNBO Emerge Card.  *See* Dkt. No. 51-51 at ¶¶ 6-7.

**IT IS SO ORDERED.**

Dated: May 21, 2015

_____
Ronald M. Whyte
United States District Judge

---

[1] The court assume that the parties can agree upon the terms of a protective order.  If necessary, they can use the Northern District's Model Order if they cannot agree.  *See* http://www.cand.uscourts.gov/model-protective-orders.