UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SCOTT KRULEE,<br><br>Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 5:14-cv-02860-RMW<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 83 |

Plaintiff Krulee filed this purported class action asserting claims against defendants under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"). *See* Dkt. No. 1. Krulee's claims arise out of defendants' communications attempting to collect Krulee's delinquent credit card account that originated with First National Bank of Omaha ("FNBO"). *Id*. Receivables Performance Management, LLC ("RPM") and Jefferson Capital Systems, LLC ("Jefferson Capital") (collectively "defendants"), assignees of plaintiff's credit card account, filed a motion pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. ("FAA"), to compel arbitration. Dkt. No. 50. The court granted the motion to compel arbitration, and dismissed the case "without prejudice to proceed with the arbitration and without prejudice to an action confirming the arbitration award." Dkt. No. 81. Defendants now move for attorney's fees. Dkt. No. 83.

**I.      LEGAL STANDARD**

The Supreme Court has held that "[u]nder the bedrock principle known as the 'American

5:14-cv-02860-RMW
ORDER DENYING ATTORNEY'S FEES

1

Rule,' each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise. Notwithstanding the American Rule, however, we have long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013) (alterations and citations omitted). Here, defendants rely on the existence of a contract, specifically the Terms and Conditions accompanying plaintiff's credit card account, to support an award of fees.

## II.   ANALYSIS

The provision by which defendants seek fees applies to attorney's fees "related to the collection of your account." Dkt. No. 51-1 at 17. However, plaintiff in bringing his FDCPA claim did not seek a declaration that he does not owe the amount that was due on his account or assert any claim that the defendants' alleged violation of the FDCPA was a defense to any claim for the amount due on his credit card account. Therefore, the attorney's fees defendants seek are not related to the collection of plaintiff's account.

The relevant provision concerning attorneys' fees in the Terms and Conditions is in the Arbitration Provision (Agreement to Arbitrate Claims). That provision states:

> Any claim, dispute or controversy (whether in contract, tort or otherwise) at any time arising from or relating to your Account, any transferred balances or this Agreement (collectively, Claims), upon the election of you or us, will be resolved by binding arbitration . . . .

*Id.* at 13. The Arbitration provision further provides that "each party will bear the expense of their respective attorneys', experts', and witness fees, regardless of which party prevails in the arbitration." *Id.* Defendants successfully invoked the Arbitration Provision to obtain an order requiring arbitration. Since defendants elected to require plaintiff to arbitrate his FDCPA claim, the attorneys' fees defendants incurred in obtaining the order requiring arbitration are appropriately governed by their agreement that each side bear its own attorney's fees. Accordingly, the court DENIES the motion for attorney's fees.

**IT IS SO ORDERED.**

Dated: August 3, 2015

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge